**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK SWANKLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. A. No. 19-363 |
| v. | ) | Senior Judge Nora Barry Fischer |
| | ) | |
| REPUBLIC FOOD ENTERPRISE | ) | |
| CENTER, INC. and FAYETTE COUNTY | ) | |
| COMMUNITY ACTION AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

I.      INTRODUCTION

Plaintiff, Mark Swankler ("Plaintiff") instituted this lawsuit against Defendants Republic Food Enterprise Center, Inc. ("RFEC") and Fayette County Community Action Agency, Inc. ("FCCAA") (collectively "Defendants") for violations of the Americans with Disabilities Act ("ADA"), as amended, Family and Medical Leave Act ("FMLA"), the Pennsylvania Human Relations Act, and Pennsylvania common law. (Docket No. 39). Pending before the Court is Plaintiff's Motion in Limine to Exclude Evidence of Defendants' Alleged Consultation with an Attorney during Plaintiff's Employment and his supporting brief (Docket No. [60]), Defendants' response in opposition (Docket No. 67), Plaintiff's reply brief (Docket No. 71), and Defendants' surreply brief (Docket No. 74). Oral argument was held on August 31, 2020.[1] (Docket No. 77). For the reasons that follow, Plaintiff's motion will be GRANTED, in part, and DENIED, in part.

---

[1] The transcript was filed of record on September 30, 2020. (Docket No. 77).

II.     BACKGROUND

Defendants seek to call James Stark, the chairman of RFEC's board of directors ("board") to testify that RFEC consulted with Attorney Valerie Faeth of Cohen & Grigsby on three separate occasions concerning Plaintiff.  Mr. Stark spoke with Attorney Faeth on October 9, 2018, while Plaintiff was still on medical leave.  (Docket No. 67 at 2).  Attorney Faeth then drafted Plaintiff's Last Chance Agreement in consultation with Mr. Stark.  (*Id.*).  Tammy Knouse, FCCAA's Director of Human Resources, and Kim Hawk, FCCAA's Director of Operations also communicated with Attorney Faeth in 2018 relative to Plaintiff, but it is unclear from the record the nature of said conversation.  (*Id.*; Docket No. 67-1 at 6-7).

Thereafter, RFEC's board spoke with Attorney Faeth about terminating Plaintiff and having him escorted off campus.  (Docket No. 67 at 2-3).  Plaintiff was ultimately terminated on January 23, 2019.  (Docket No. 47 at 5-6).  As previously implied, Defendants do not intend to call Attorney Faeth as a witness but believe the fact that she was consulted as part of the decision-making process is relevant to (1) the reasonableness of RFEC's employment decisions, (2) Plaintiff's claim for punitive damages, and (3) to the defense of good faith pertaining to Plaintiff's liquidated damages claim under the FMLA.  (Docket Nos. 67 at 1-2; 74 at 1-2).  Said differently, Defendants do not seek to offer evidence that its attorney "told or instructed them to terminate Mr. Swankler."  (Docket No. 67 at 3).

III.    PARTIES' ARGUMENTS

Plaintiff argues that Defendants should be precluded from introducing evidence or testimony that RFEC consulted with an attorney about Plaintiff's employment for four reasons. (Docket No. 60).  First, they assert that Defendants violated FED. R. CIV. P. 26(a) by failing to disclose Attorney Faeth and as such, any testimony or evidence pertaining to her consultation

2

should be excluded under FED. R. CIV. P. 37(a)(1).[2]  (Docket No. 71 at 3).  Second, given same, they provide that any testimony relative to RFEC's alleged consultation with their attorney constitutes inadmissible hearsay under FED. R. EVID. 801 because Attorney Faeth was not included as part of Defendants' Initial Disclosures, Interrogatory Responses, or listed as a witness in Defendants' Pretrial Statement.  (Docket No. 60 at 1, 7-8).  Furthermore, said testimony is also being offered for the truth of the matter asserted, Plaintiff contends.  (Docket No. 71 at 2).  Third, Plaintiff suggests that RFEC's consultation with Attorney Faeth is not relevant to any claims or defenses under FED. R. EVID. 401, 402.  (*Id.* at 4).  Plaintiff asserts this is the case because RFEC's board made the ultimate decision to terminate Plaintiff.  (*Id.* at 4).  He argues that to the extent that this evidence could be construed as relevant, it is not relevant to any of the issues that would ultimately be decided by a jury.  (*Id.*)  Fourth, Plaintiff moves to preclude RFEC's consultation with Attorney Faeth under FED. R. EVID. 403 asserting that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  (*Id.* at 7).  In the alternative, Plaintiff suggests that if the Court permits this evidence to be introduced, it should bifurcate the trial to separate the liability and damages phases.  (Docket No. 71 at 4).

Not surprisingly, Defendants disagree.  First, Defendants respond that they merely seek to present testimony that RFEC consulted with Attorney Faeth to ensure that its actions were in compliance with the FMLA and do not intend to offer what she advised.  (Docket No. 67 at 3).  Because they do not intend to call Attorney Faeth at trial, Defendants argue that they did not need to disclose her identity and were in compliance with FED. R. CIV. P. 26(a).[3]  (Docket No. 74 at 2).  Nonetheless, they assert that they identified Attorney Faeth during the parties' September 19, 2019

---

[2] Plaintiff implies that he did not depose counsel given his lack of knowledge of her role.  (Docket No. 77 at 24).
[3] The Court disagrees.  *See infra* pp. 8-9.

mediation and Mr. Stark testified he spoke with her during his December 11, 2019 deposition. (*Id.*; Docket No. 77 at 25). They further argue that they pled the applicable defense in their Answer.[4] (Docket No. 74 at 2). Second, concerning Plaintiff's argument that any testimony about Attorney Faeth's advice would be hearsay, Defendants counter that they would not be offering it for its truth. (Docket Nos. 67 at 3-4; 74 at 2). Third, as to Plaintiff's relevancy argument, Defendants respond that said testimony is not only relevant as to the issue of liquidated damages but also as to punitive damages. (Docket No. 67 at 1-2). Fourth, Defendants retort that the probative value of the evidence substantially outweighs any danger of unfair prejudice, confusion of the issues, or misleading the jury as Defendants, to meet their burden as to the defense of good faith, are required to demonstrate that RFEC consulted with employment counsel. (*Id.* at 3). Finally, Defendants argue that a bifurcated proceeding is inappropriate. (Docket No. 74 at 3-4).

III.    ANALYSIS

At issue is whether Defendants may introduce testimony or evidence that RFEC consulted with Attorney Faeth. (Docket No. 77 at 33). The Court will first address Plaintiff's argument that Defendants should be sanctioned under FED. R. CIV. P. 37(a)(1) for failure to comply with FED. R. CIV. P. 26(a)(1). (Docket Nos. 60; 71). FED. R. CIV. P. 26(a)(1)(A) provides:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of *each individual likely to have discoverable information*--along with the *subjects of that information*--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. . . .

---

[4] Defendants averred that they acted in good faith. *See infra* p. 6.

FED. R. CIV. P. 26(a)(1)(A)(i)-(ii) (emphasis added).   As this Court has previously explained, "litigants now have a duty under Rule 26(a)(1) to *make full-bodied disclosures*."   *Walsh/ Granite JV v. HDR Eng'g, Inc.*, Civ. A. No. 17-558, 2018 WL 10228380, at *3 (W.D. Pa. Apr. 30, 2018) (citing *Dietz v. Bouldin*, ––– U.S. –––, 136 S. Ct. 1885, 1893 (2016)) (emphasis added). Likewise, parties are under a continuing obligation to timely supplement or correct their Rule 26(a) disclosures.   *See* FED. R. CIV. P. 26(e).

Where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   FED. R. CIV. P. 37(c)(1).   However, "[t]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.'"   *Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 577 (3d Cir. 2002) (internal citation and quotation omitted); *see McIlmail v. Pa.*, 381 F. Supp. 3d 393, 406 n.1 (E.D. Pa. 2019) (permitting an undisclosed affidavit to be considered by the jury despite it not being attached to the witness list or provided during discovery because defendants would not be prejudiced by same as they would have the opportunity to rebut the evidence).   In determining whether to exclude evidence, a court must consider:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness[sic] in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).

At the inception, the Court notes that in their Answer, Defendants did not specifically plead advice of counsel as a defense; instead, they pled that they acted in good faith.  (Docket No. 40). Indeed, their Fifth Defense reads, "At all times, the [d]efendants acted in good faith and with [a] reasonable belief that their actions did not violate any statute.  The [d]efendants did not act with any malice or wanton conduct sufficient to permit an award of punitive damages or liquidated damages."  (*Id.*)  In responding to Plaintiff's claims pertaining to the Last Chance Agreement, Defendants made no mention of Attorney Faeth, rather they answered:

> 29. It is admitted that Plaintiff was asked to sign a "Last Chance Agreement" due to a litany of long-standing performance issues, which predate the averments and allegations in this Complaint.  It is further admitted that Plaintiff was terminated on January 23, 2019 as a result of his long-standing habitual violations of Defendants' policies, poor judgment, dishonesty, unprofessional and abusive behavior, and failures to meet the requirements of his position. It is denied that Plaintiff was disciplined, terminated, treated differently, or required to sign the agreement in response to disclosing his health conditions, filing for worker's compensation, or requesting medical accommodation.

(*Id.*)

Defendants also failed to disclose RFEC's consultation with Attorney Faeth in their answers to Plaintiff's Interrogatories.  (Docket No. 71-2 at 5).  Of particular note are Defendants' responses to Interrogatory Nos. 1 and 3.  Interrogatory No. 1 reads:

> A. Identify by name, along with the most current and last known address and telephone number, all persons who may have knowledge of the facts which tend to support or refute any claim or defense asserted in this case (regardless of whether the individual is currently employed), and describe the facts or knowledge of any person referenced in this interrogatory **with particularity**; and

(*Id.*)  Defendants answered:

> Defendant[5] identifies the following individuals who may have knowledge pertinent to the defense of this matter:

> 1. James Stark, c/o Defense Counsel

---

[5] Despite Defendants' use of the singular, Defendants provided a joint response to each of Plaintiff's interrogatories. (Docket No. 71-2).

      2. Cindy Despot, c/o Defense Counsel
      3. Kim Hawk, c/o Defense Counsel
      4. Tammy Knouse, c/o Defense Counsel
      5. Frank Lucente, c/o Defense Counsel

As Defendant's investigation of the circumstances surrounding this action is ongoing and not yet completed, Defendant reserves the right to supplement and/or amend its objections, answers, and responses if and when additional information becomes available.

(*Id.*)  Interrogatory No. 3 states:

As to the decision to end Plaintiff(s) employment, please identify:

    A.   The name of each and every individual who in any way participated in the decision to end or terminate Plaintiff(s)[sic] employment with Defendant(s); [and]
    B.   The exact date or best available timeframe Defendant(s) can set forth as to when the decision to end or terminate Plaintiff(s)[sic] employment was made[.]

(*Id.* at 6).  Defendants responded, "During an executive session of RFEC's [b]oard of [d]irectors on January 23, 2019[,] board members Bob Bakos, Joe Ambrose, Frank Lucente, Joyce Williams, Jerrod Murtha, and Jim Stark made the decision to terminate Plaintiff's employment due to a litany of ongoing performance issues."  (*Id.*)  Mr. Stark verified these responses for RFEC.  (*Id.* at 14).

Defendants provided supplemental answers on December 6, 2019, adding Robert Junk and Dustin Stewart to their Answer to Interrogatory No. 1.  (Docket No. 71-2 at 19-21).  Defendants' Answer to Interrogatory No. 3 was not supplemented.  (*Id.*)  It is, thus, not surprising that Defense counsel conceded at oral argument that at no point during the litigation, did they amend their initial disclosures or interrogatory responses to identify Attorney Faeth.  (Docket No. 77 at 25).

Instead, Defense counsel represents that Attorney Faeth's involvement in the case was first noted at the parties' September 19, 2019 mediation.  (*Id.*; Docket No. 26)  However, Plaintiff's counsel could not recall same.  (Docket No. 70 at 32).  Nevertheless, discussions that occur during mediation are generally confidential.  *See* U.S. District Court Western District of Pennsylvania

ADR Policies and Procedures, 6.0 ("[e]xcept as provided in subsection D of this Section 6, this Court, the ADR Coordinator, all neutrals, all counsel, all parties and any other person who participates (in person or by telephone) in (i) any ADR process described in Sections 1 through 5 of these Policies and Procedures, or (ii) any private ADR process pursuant to Court order, shall treat as 'confidential information' . . . (ii) all communications and conduct during the ADR process"); *N.J. Dep't of Enviro. Prot. v. Am. Thermoplastics*, Civ. A. No. 98-4781, 2017 WL 498710, at *3 (D.N.J. Feb. 7, 2017) (citing *Sheldone v. Pa. Tpk. Comm'n*, 104 F. Supp. 2d 511, 515 (W.D. Pa. 2000)) (internal citation and quotation omitted) ("Many federal courts have recognized a 'federal mediation privilege' of some nature that is rooted in the imperative need for confidence and trust").  Accordingly, the Court will not consider what was said as part of their discussions.

The earliest that the parties agree that Plaintiff was made aware of RFEC's consultation with Attorney Faeth was during Mr. Stark's December 11, 2019 deposition.  (Docket Nos. 66-1; 77 at 25, 32).  As previously stated, this is because Defendants did not identify her in their disclosures, supplemental disclosures, or in any documents they produced despite counsel certifying that the responses were true to the best of her knowledge, information, and belief and formed after a reasonable inquiry.  *See* FED. R. CIV. P. 26(g)(1).  The better practice would have been for counsel to identify Attorney Faeth as well as any documents like the Last Chance Agreement that were purportedly drafted in consultation with her early on.[6]  (Docket No. 67 at 2); *see* FED. R. CIV. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  From this Court's observation, Defendants intended from the outset to rely on the

---

[6] In this Court's experience, there are often numerous drafts of agreements and those may also be subject to FED. R. CIV. P. 26(a)(1)(A).

fact that RFEC consulted with counsel.  Accordingly, whether or not they planned to call her to testify, Attorney Faeth's identity should have been revealed given the import of Rule 26(a)(1)(A)(i) and Rule 1.

In addition, Defense counsel could have raised the work product doctrine or attorney client privilege in her responses, notifying Plaintiff's counsel of same and provided a privilege log.  *See Patel v. Havana Bar, Rest. & Catering*,  Civ. A. No. 10-1383, 2011 WL 6029983, at *9 (E.D. Pa. Dec. 5, 2011) (citing FED. R. CIV. P. 26(b)(5)) ("As noted previously, if information was going to be withheld, an obvious obligation follows to promptly notify [d]efense counsel and provide a privilege log").  If Defendants believed this evidence was privileged, they could have also sought a protective order.  *See* FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending"); FED. R. CIV. P. 26(b)(3)(A), (B) (describing the confines of the work product doctrine); *E.E.O.C. v. Court of Common Pleas of Allegheny Cty.*, Civ. A. No. 14-899, 2015 WL 5167882, at *2 (W.D. Pa. Sept. 3, 2015) ("While the scope of Rule 26 is quite broad, the Court may issue a protective order barring discovery . . . if the party seeking the protective order can demonstrate good cause").

The Court is further keenly aware that this is the very type of information that the parties should have discussed when they were preparing their 26(f) report prior to the Court's Case Management Conference.  *See* FED. R. CIV. P. 26(f)(2) ("In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case" and any claim for privilege).  Instead, this issue is now being addressed in the first instance at the motion in limine phase after discovery has closed, pretrial statements have been filed, exhibits exchanged, and a second round of settlement negotiations requested by the parties was held before a member of this Court.  (Docket Nos. 29; 45; 47-48; 52; 60).

However, Plaintiff also waited nearly a year to raise this issue with the Court.  (*See* Docket No. 60).  Indeed, it is clear from Mr. Stark's 2019 deposition testimony that Plaintiff was aware of RFEC's consultation with employment counsel at that time.  (Docket No. 67-1); *see In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, MDL No. 2056, 2012 WL 3928278, at *9 (W.D. Pa. Sept. 7, 2012) (explaining where a party has an opportunity to conduct discovery and chose not to do so, there is no prejudice).  Thus, applying the standard set forth in *Nicholas*, because Mr. Stark testified about his consultation with Attorney Faeth during his deposition and Plaintiff's counsel chose not to investigate, Plaintiff cannot be said to have been prejudiced by same.  *See Nicholas*, 227 F.3d at 148.  In addition, there is no evidence that Defendants acted in bad faith.  *See id.* Similarly, any risk of disruption to an orderly and efficient trial is mitigated by the Court's ruling, which follows.  *See id.*  The Court, exercising its discretion, rules that it will permit very limited testimony or accept a stipulation that RFEC consulted with counsel before issuing Plaintiff's Last Chance Agreement, terminating Plaintiff, and deciding to have him escorted off the property.

The Court next turns to Plaintiff's argument that RFEC's consultation with an attorney is inadmissible hearsay.  (Docket No. 60 at 1, 7-8).  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Casoni*, 950 F.2d 893, 903 (3d Cir. 1991) (quoting Fed. R. Evid. 801(c)).  "Hearsay is generally inadmissible because the statement is inherently untrustworthy: the declarant may not have been under oath at the time of the statement, his or her credibility cannot be evaluated at trial, and he or she cannot be cross-examined." *Gucker v. U.S. Steel Corp.*, Civ. A. No. 13-583, 2016 WL 379553, at *3 (W.D. Pa. Jan. 31, 2016) (quoting *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 406 (3d Cir. 2003)).  "As the advisory committee's notes to the rule make clear,

10

statements that are offered merely to show that they happened are not offered for a hearsay purpose." *United States v. Lacerda*, 958 F.3d 196, 223 (3d Cir. 2020) (citing FED. R. EVID. 801 n. (subdiv. (c)).  Defendants are not seeking to have admitted Attorney Faeth's out of court statements or the advice that she provided to them.  (Docket Nos. 67 at 1-3; 74 at 1-2).  Rather, they seek to have Mr. Stark testify (or someone else with personal knowledge) that RFEC spoke to its lawyer on certain occasions, i.e., relative to the Last Chance Agreement, Plaintiff's termination, and the decision to have him escorted off campus.  (*Id.*)  Such evidence is not hearsay and Defendants may elicit same through witness testimony or by means of a joint stipulation.  *See Lacerda*, 958 F.3d at 223; *Wallwork v. Horizon Blue Cross*, Civ. A. No. 16-7095,  2017 WL 3208350, at *3 n.2 (D.N.J. July 27, 2017) (denying a motion to strike as moot "because the [c]ourt's decision relies on the [p]lan document itself, not the facts sworn to in Ms. Ganguly's Certification").

The Court will now address Plaintiff's arguments under FED. R. EVID. 401, 403 together. The Court previously set forth the applicable standard in its Order on Plaintiff's motion in limine to exclude any evidence and/or testimony regarding Plaintiff's other legal matters.  (Docket No. 78).

> "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Thus, the definition of relevant evidence is very broad and relevant evidence is generally admissible. FED. R. EVID. 402; *see Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 544 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)); *see also United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011). Nevertheless, in accordance with Rule 403, a court may exclude relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

(*Id.* at 2-3).  The parties agree that this testimony is relevant to counter or defend the claim for punitive damages; accordingly, Plaintiff's relevancy argument is without merit.  (Docket No. 71

at 2); *see Shaw v. Cumberland Truck Equip. Co.*, Civ. A. No. 09-359, 2012 WL 1078958, at *9 (M.D. Pa. Mar. 30, 2012) (finding insufficient evidence to support an award of punitive damages under the ADA where "CTE's managers sought and followed an attorney's legal advice"). RFEC's consultation with an attorney is also relevant to the issue of liquidated damages under the FMLA. *See Farris v. Nat'l Forensic Consultants, Inc.*, Civ. A. No. 18-3052, 2019 WL 2502267, at *4 n. 2 (E.D. Pa. Apr. 24, 2019) (explaining that to "avoid liquidated damages, the burden is on the defendant to show that it was acting in good faith and 'had reasonable grounds for believing that his act or omission was not a violation of the FLSA"); *Poff v. Prime Care Med., Inc.*, Civ. A. No. 13-3066, 2015 WL 5822369, at *7 (M.D. Pa. Oct. 1, 2015) (stating that one way a defendant can show good faith is by consulting legal counsel). Given that punitive and liquidated damages are sought, one of the named defendants is a municipal entity and likely not covered by insurance; and the Court is only permitting evidence on three discrete facts, the danger of unfair prejudice, confusion of the issues, and misleading the jury does not substantially outweigh this evidence's probative value. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1333 n.6, 1344 (3d Cir. 2002) (stating "evidence that is highly probative is exceptionally difficult to exclude" and noting "the prejudicial effect of admitting the evidence must rise to the level of creating an unfair advantage for one of the parties for the evidence to be excluded under Rule 403"). In further support of its rulings is the fact that the Court will permit the parties to submit any limiting instructions that they think would be helpful to the jury. *See id.*

Lastly, the Court rules that a bifurcated proceeding is not necessary. Federal Rule of Civil Procedure 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Court of Appeals for the Third Circuit has made clear

12

that "[t]he district court is given <u>broad discretion</u> in reaching its decision whether to separate the issues of liability and damages." *EQT Prod. Co. v. Terra Servs., LLC.*, Civ. A. No. 14-1053, 2016 WL 7232569, at *1 (W.D. Pa. Dec. 14, 2016) (quoting *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972)) (emphasis added). Furthermore, bifurcation "remains the exception rather than the *rule*." *Innovative Office Prods., Inc. v. Spaceco, Inc.*, Civ. A. No. 05-4037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). A district court, however, should not bifurcate where "the 'issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials.'" *Cleveland Bros. Equip. Co. v. Vorobey*, Civ. A. No. 19-1708, 2020 WL 3432642, at *1 (M.D. Pa. June 23, 2020) (quoting *In re Bayside Prison Litig.*, 157 F. App'x 545, 548 (3d Cir. 2005)). "The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Maldonado-Torres v. Customized Distribution Servs., Inc.*, Civ. A. No. 19-400, 2020 WL 5645686, at *14 n.1 (E.D. Pa. Sept. 21, 2020).

In this Court's estimation, Plaintiff has failed to meet his burden. *See id.* To this end, the nature of the evidence Defendants seek to offer is limited and employment cases frequently have issues that need to be decided by both the judge and the jury. *See* 29 U.S.C. § 2617(a)(1)(A)(iii); *Maldonado-Torres*, 2020 WL 5645686, at *15 n. 1 (denying a Plaintiff's motion to sever the issues of back pay and reinstatement/front pay from the trial in an FMLA case because the plaintiff had not shown "bifurcation would (1) serve judicial economy; (2) avoid inconvenience; and (3) not prejudice any of the parties"); *Bowyer v. Dish Network*, Civ. A. No. 08-1496, 2010 WL 629830, at *7 (W.D. Pa. 2010). Once again, any risk of prejudice can be addressed through the Court's instructions to the jury. *See Harris v. Midas*, Civ. A. No. 17-95, 2019 WL 5294266, at *5 (W.D.

Pa. Oct. 18, 2019) (denying a motion for bifurcation where a limiting instruction could cure any unfair prejudice or confusion).

IV.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion [60] is GRANTED, in part, and DENIED, in part.  Defendants may offer evidence that RFEC consulted with an attorney prior to issuing Plaintiff's Last Chance Agreement and making the decisions to terminate his employment and have him escorted off campus.  It is further ORDERED that counsel for the parties shall meet and confer and provide the Court with a joint stipulation reflecting this Court's ruling by **December 17, 2020** along with any proposed limiting instruction.  If the parties are unable to reach an agreement, they shall so notify the Court by way of a filed joint status report on that same date.

_s/Nora Barry Fischer_
Nora Barry Fischer
Senior United States District Judge

Date: December 10, 2020

cc/ecf: All counsel of record

14